[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14660
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 19, 2011
JOHN LEY
CLERK

D.C. Docket No. 8:09-cr-00478-VMC-MAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DENZIL JACKSON,
a.k.a. Jacko,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 19, 2011)

Before TJOFLAT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

A Middle District of Florida jury found Denzil Jackson guilty of conspiracy

to distribute marijuana, in violation of 21 U.S.C. § 846, from, according to the indictment, "at least in 2006, through . . . June 12, 2008." And the district court, after determining that the Sentencing Guidelines called for a prison sentence of between 235 and 293 months, sentenced him to a term of 235 months. He now appeals his conviction and sentence.

Jackson challenges his conviction on two grounds. The first is based on questions the prosecutor put to Lisa Reid during the Government's case in chief. Her testimony established that Jackson and co-conspirator Shorter had been involved in marijuana trafficking in New York. Jackson contends that the questions were improper, that the prosecutor engaged in prosecutorial misconduct. He did not object to the questions, however, nor did he move the court post-verdict for a new trial. Instead, he asks us to grant him a new trial on the ground that the district court somehow committed plain error.

Jackson cites no case that would have informed the district court during the questioning that it interrupt the prosecutor's questioning and declare a mistrial[1] or post-verdict that it should *sua sponte* set aside the jury's verdict and grant a new trial. This argument for reversal therefore fails.

---

[1] Had the court declared a mistrial—on the ground of prosecutorial misconduct—the legal effect of its action would have been to acquit Jackson.

The second ground for reversal is based on questions the prosecutor put to Jackson when he took the stand to testify in his own defense. Prior to trial, the Government served him with a contingent subpoena requiring him to provide it with his business records if he decided to testify at trial. He testified but failed to produce his records. On direct examination, he testified that he had kept business records for Jackson Security and had filed federal income tax returns. He said that the business records consisted solely of bank statements, which showed expenditures made using the company's credit card.

On cross-examination, the prosecutor asked him what other records he had to show that Jackson Security was a legitimate business. He said that his bank statements constituted all of the company's business records; he had no other documents evidencing the company's expenditures. He admitted that he had not brought his income tax returns with him—though they had been subpoenaed. The prosecutor asked him why he had violated the subpoena, and Jackson's counsel objected, contending that the question was "burden shifting," that the Government, itself, could have obtained the tax returns. The court overruled the objection, stating that it was "a legitimate line of questioning." Then, in response to the question, "So, you just didn't bring your tax returns to court today?", Jackson said: "I didn't know that I ha[d] to bring them to court today."

3

We find no error in this line of questioning. Jackson testified on direct examination that he had gone from making deliveries for UPS to owning a security company, Jackson Security, that he had provided legitimate services for co-conspirator Mitchell through the company, and that the deposits into the company's bank account had represented his salary and expenses for the services that he had provided. The Government was therefore entitled on cross-examination to call into question the plausibility of Jackson's story. The prosecutor's questions were intended to show that, through the lack of business records, Jackson Security was merely a front, not a legitimate business. In sum, nothing in the challenged questioning even implied that Jackson had to produce his business records to prove his innocence. And both the prosecutor and the court reminded the jury that the Government, not Jackson, had the burden of proving his guilt.

Jackson challenges his sentence as substantively unreasonable because it was based, at least in part, on his decision to exercise his constitutional right to a jury trial. He contends that this improper basis was further demonstrated, during sentencing, by the district court's repeated references to his perjured testimony. He acknowledges that pleading guilty is beneficial for a defendant at sentencing. However, the discrepancy between his sentence and those received by the co-

4

conspirators who did plead is greater than that suggested by the acceptance-of-responsibility offense level reduction and reflects instead the court's decision to punish him for going to trial. Lastly, the court ignored the evidence he presented in mitigation and sentenced him with only deterrence and punishment in mind.

We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. *United States v. Irey*, 612 F.3d 1160, 1188 (11th Cir. 2010) (*en banc*), *cert. denied*, 131 S.Ct. 1813 (2011). The court abuses its discretion by failing to consider relevant factors that were due significant weight, giving significant weight to an improper or irrelevant factor, or committing a clear error of judgment in considering or weighing the proper factors. *Id.* at 1189. However, a district court does not abuse its discretion when it merely attaches "great weight" to a single, permissible factor or set of factors. *Gall v. United States*, 552 U.S. 38, 56-59, 128 S.Ct. 586, 600-02, 169 L.Ed.2d 445 (2007). When conducting this review, we must take into account the totality of the facts and circumstances. *Id.* at 51, 128 S.Ct. at 597. Although a sentence within the Guidelines sentencing range is not presumed to be reasonable, we expect that such a sentence ordinarily will be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).

Section 3553(a) provides that the district court must consider "the need to

avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). For the purposes of evaluating whether an unwarranted sentencing disparity exists, we have held that defendants who have pled guilty and cooperated with the Government are not similarly situated to those who proceed to trial and do not provide assistance. *United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009), *cert denied*, 130 S.Ct. 2342 (2010). This remains the case even where the sentence received by the cooperating defendants is "substantially shorter." *Id*.

Jackson's sentence is substantively reasonable, as the district court acknowledged that Jackson had a constitutional right to proceed to trial, and considered his taking the stand *and* presenting dishonest testimony in the context of refusing to grant him a downward variance, not as a reason for increasing his sentence. Thus, the court did not abuse its discretion by giving significant weight to an improper factor. *See Irey*, 612 F.3d at 1189. Moreover, in comparing Jackson to the co-conspirators who had pled guilty, it was reasonable for the court to find that the co-conspirators were not similarly situated to Jackson and that no unwarranted disparity would be created by refusing to grant the requested downward variance, even though the difference in sentences was substantial. *See Docampo*, 573 F.3d at 1101. Otherwise, the court properly weighed the § 3553(a)

6

factors, clearly taking account of Jackson's history and characteristics, including his past as a "law-abiding citizen," but ultimately finding that the seriousness of the offense weighed most heavily in its sentencing calculation.  18 U.S.C. §§ 3553(a)(1), (2)(A).  Moreover, placing particular emphasis on a single permissible § 3553(a) factor does not represent an abuse of discretion.  *See Gall*, 552 U.S. at 56-59, 128 S.Ct. at 600-02.

AFFIRMED.